PEDRO MORALES COLÓN, Plaintiff and Appellee, *v*. IGNACIO FRANCO ALONSO, Defendant and Appellant.

No. 5506.—Argued May 28, 1931.—Decided November 22, 1932.

*L. Mercader* for appellant.   *A. Rivera Colón* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Plaintiff obtained a judgment against defendant, first in a municipal court and later after a trial *de novo* in a district court, for $500 as a homestead exemption. Defendant appeals and insists that the district court erred in admitting parol evidence to vary the terms of a contract in writing.

Prior to the commencement of the present action, the property now alleged to have been a homestead had been sold in a summary foreclosure proceeding instituted by defendant herein as mortgagee. A subsequent agreement of lease executed by the mortgagee (now defendant herein) as lessor, in favor of the former mortgagor (now plaintiff herein) as lessee, contained a clause purporting to be a statement by the lessee as to the nonexistence of any homestead right either at the time of the execution of the mortgage or at the time of the execution of the contract of lease, followed by an express waiver of any such right.

The parol evidence in question tended to show what the district judge subsequently found to be facts about which he seems to have had no doubt whatever, namely: that the lessee did not read the contract of lease which had been drafted by the lessor but relied upon the statement of the latter as to what the document was; that the lessee knew nothing of the clause concerning the homestead right and would not have signed the document had he known that it contained such a clause; that there was no meeting of minds on this point and therefore no agreement of waiver; and that the said lessee had been tricked into signing the document.

From the statement of the case and opinion filed by the district judge, we take the following extract:

"It was after the sale of plaintiff's property in the foreclosure proceeding that he and his wife agreed to take a lease from the defendant and his wife. This private contract, signed before a notary, contains a clause, the seventh, whereby the spouses Miranda–Morales appear to state that neither at the time of constituting the mortgage which was foreclosed nor at the time of executing the document did they have any established homestead right in the property, but that, notwithstanding this, they expressly waived in favor of the lessor whatever homestead right they might have.

"That clause is the basis of the principal defense of the defendant. Plaintiff repudiated the clause and to show its illegality or fraud, testified, without being contradicted, that he and his wife signed the document without examining it, in the belief that it contained no other particular than that referring to the lease, the defendant stating at the time he came to their house with the document for signature, 'here I have the contract of lease, you can sign immediately, I am not going to do anything to you,' and as he had confidence in him, he signed it; that he was so confident, that if he had known that the contract stated he waived the right of homestead he would not have signed it, because he had had his homestead there for twenty years; and much less when prior to this act and to defendant's claim, the latter told him to sell the property so as to give him the money he had invested there and to buy a house or a couple of acres of land for his children with the balance.

"The manner in which the plaintiff testified, the nature of his statements, the certainty thereof, together with his integrity and recti-

tude, did not leave the least doubt in the mind of the court that he was stating the facts.

"Plaintiff's testimony, coupled with his attitude in refusing to abandon the property notwithstanding the unlawful detainer and in asserting his claim before the court (taking into consideration furthermore all the facts and circumstances of this case), lead us to believe that there was never an intention on the part of the plaintiff to waive his homestead right. It appears from the evidence that the minutes of the contract were drawn by the defendant, without the intervention of the plaintiff, and delivered by the former to the notary, Mr. Díaz, who, after the document was typewritten, accompanied the defendant to the house of the plaintiff who was to sign it in his presence.

"The document or contract is not one executed before a notary, in which the notary certifies the covenants or stipulations, but a private document in which the signatures were acknowledged before a notary, inasmuch as they were made before him. It is not a notarial act. It is only an authenticated document. Besides, the law does not consider as valid this kind of waivers unless they expressly appear in the deed of conveyance or of mortgage."

This is not the typical case of a party, who, by parol evidence, seeks to vary the terms of a written contract upon the mere pretext that he did not read it. It is a case of deliberate misrepresentation and fraud well established, not only by the testimony of plaintiff, but also by all the circumstances surrounding the transaction.

For nearly a quarter of a century prior to the decision of this Court in *Dávila* v. *Sotomayor*, 35 P.R.R. 726, the Homestead Law had escaped the attention of mortgagees and mortgagors alike. In the instant case, the mortgage was executed in 1919. The amount of the loan was $540. It contained no waiver of homestead right. Interest was to be paid monthly at the rate of one percent a month. When the mortgagor failed to pay the interest for November and December, 1927, and for January and February, 1928, the mortgagee instituted a summary foreclosure proceeding and at the foreclosure sale purchased the property for one hundred dollars which was credited on the amount of his claim. Confronted by the fact

that the mortgage debtor was entitled to a homestead exemption to the amount of $500 and by the further fact that any possibility of an implied waiver of such right was excluded by express statutory provision, the purchaser set out to accomplish by subterfuge and fraud what he could not have accomplished by any other means without reasonable compensation. As a means to this end he entered into an agreement with the homestead owner for a lease of the land for one year at a monthly rental of $8 with an option to purchase for $800 cash during the same period, so that the lessee might look for another purchaser at a figure that would enable him, out of the proceeds of the transaction, to buy elsewhere an acre or two of land for himself and his family. Nothing was said about any admission as to the non-existence of the homestead right. Nothing was said about any waiver of that right. Nevertheless, the lessor, when he submitted to the notary the data for the proposed deed, or the notary, at the instance of the lessor, tacked on to the agreement as made between the parties and imputed to the lessee, an utterly false statement as to the nonexistence of any homestead right, followed by an express waiver of any such right. It is inconceivable that the lessee, who was asserting and insisting upon his homestead right could have made any such statement or consented to such waiver without any real consideration or compensation therefor.

When the lessor and the notary stopped at the home of the lessee to obtain his signature, they were in a hurry. The lessor said: ''I have come with a notary in order that you sign this lease and contract on the property . . . . . . You can sign immediately for I am not goint to do anything to you.'' This statement, construed in the light of what had passed between the parties, meant that the oral agreement of lease and option had been reduced to writing and embodied in the document which the lessee was requested to sign. This misleading, less than half-truth amounted to something more than mere concealment of the important fact that the docu-

ment also contained a false statement as to the nonexistence of any homestead right and an express waiver of any such right. It was, in effect, a deliberate misrepresentation as to the primary purpose of the lessor and as to the most important feature of the so-called contract of lease and promise to sell. It was only by this false representation, accompanied by a pretense of haste and the false assurance of a purpose not to do anything that would prejudice the rights of the lessee that the lessor obtained the signature of the lessee to an express waiver of his homestead rights in the guise of a lease and option.

The parol evidence rule was never intended to suppress the truth about such a transaction and cannot be successfully invoked for that purpose. The district court did not err as alleged in the first assignment.

The two remaining contentions of appellant are that the district court erred in not holding that defendant was estopped by his contract and by his subsequent conduct, and in weighing the evidence and in drawing therefrom conclusions contrary to law. They are equally without merit.

The judgment appealed from should be affirmed.